IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MIKE DUPREE,

    Plaintiff,

v.                                     Civil Action No. 3:19CV74–HEH

HAROLD W. CLARKE, *et al.*,

    Defendants.

## MEMORANDUM OPINION
(Dismissing Action Without Prejudice)

Plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Plaintiff's terse allegations failed to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Accordingly, by Memorandum Order entered on September 25, 2019, the Court directed Plaintiff to file a Particularized Complaint within fourteen (14) days of the date of entry thereof. On October 1, 2019, the Court received a letter from Plaintiff asking for an unspecified extension of time because of his need to visit the law library. By Memorandum Order entered on October 21, 2019, the Court granted Plaintiff an

extension of time of fourteen (14) days. On November 14, 2019, the Court received a letter from Plaintiff asking the Court to suspend his case until further notice due to difficulties with the law library and access to typewriters. The Court explained that it would not suspend Plaintiff's case, but instead provided him with a third and final extension of time of thirty (30) days to file his Particularized Complaint.[1]

More than thirty (30) days have elapsed since the entry of the November 19, 2019 Memorandum Order. Plaintiff failed to submit a particularized complaint or otherwise respond to the November 19, 2019 Memorandum Order. Accordingly, the action will be dismissed without prejudice.

An appropriate order will accompany this Memorandum Opinion.

                                               /s/
                         HENRY E. HUDSON

Date: Dec. 30, 2019    SENIOR UNITED STATES DISTRICT JUDGE
Richmond, Virginia

---

[1] The Court also explained that: "If Plaintiff is unable to litigate the action at this time, he may move to voluntarily dismiss the action and may later file a new complaint that will be opened as a new civil action. However, Plaintiff will remain responsible for the entire filing fee for this action and for any new action Plaintiff pursues." (ECF No. 20, at 1.) The Court also indicated that Plaintiff's Particularized Complaint need not be typed and may be handwritten and that the lack of access to typewriters was not an impediment to filing his Particularized Complaint. (*Id.* at 2.)

2